GUIDO SANTILLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SANTILLI v. COMMISSIONER
Docket No. 25209-93
United States Tax Court
T.C. Memo 1995-278; 1995 Tax Ct. Memo LEXIS 277; 69 T.C.M. (CCH) 2974; June 21, 1995, Filed *277 Decision will be entered for respondent. Guido Santilli, pro se. For respondent: Carmino J. Santaniello. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 255 in petitioner's Federal income tax for 1990. After a concession by petitioner, [2] the remaining issues for decision are: (1) Whether interest earned by petitioner during 1990 is excludable from gross income on the ground that the interest was forfeited to the State of Rhode Island as a result of petitioner's conviction for the illegal sale of narcotics, and, if not excludable, (2) whether petitioner is entitled to a loss deduction under section 165(a) in an amount equal to the interest includable in gross income as a result *278 of the forfeiture to the State of Rhode Island. Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Cranston, Rhode Island. During 1990, petitioner maintained accounts at three financial institutions: Davisville Credit Union, First National Bank & Trust Co., and Rhode Island Hospital Trust. On his 1990 Federal income tax return, petitioner reported the following interest income from these accounts: Davisville Credit Union
$ 125.38
First National Bank & Trust Co.
143.22
Rhode Island Hospital Trust
5,566.18
TOTAL
$ 5,834.78
On December 28, 1990, a Superior Court Judge for the State of Rhode Island signed three search warrants authorizing the search and seizure of *279 petitioner's property located at each of the three institutions. As a result of these warrants, petitioner's accounts at the three institutions were seized and forfeited to the State of Rhode Island because of petitioner's trafficking in narcotics. Petitioner was convicted for such offense and served approximately 18 months in prison. The total amount forfeited to the State of Rhode Island was in excess of $ 80,000. Petitioner first contends that the interest earned on the forfeited accounts and reported as income on his 1990 Federal income tax return should be excluded from gross income on the ground that "the Government is trying to get me to pay taxes on something I never got". To further quote petitioner: "I never got to use that money. I never had, you know, the chance to use it, but still I've got [to] pay taxes on it?" Respondent's position is that petitioner's interest, although forfeited, is properly includable in gross income under section 61(a). Section 61 provides that gross income includes "all income from whatever source derived", unless otherwise provided. Section 61(a)(4) provides that "interest" must be included in income. Further, the United States Supreme *280 Court has held that gross income includes all "'accessions to wealth, clearly realized and over which the taxpayers have complete dominion.'" (quoting . In , this Court stated that a taxpayer obtains possession, custody, and control of unlawfully acquired proceeds on the date he acquires such proceeds. The Court held that, despite the subsequent forfeiture of the unlawfully obtained proceeds, such proceeds constitute gross income in the taxable year in which they were acquired by the taxpayer. . "'The legal test * * * for [gross] income is dominion and control, and that test in its terms excludes consideration of what happens to income after it flows from the taxpayer's hands.'" (quoting . In light of *281 the foregoing, the Court holds that the interest earned by petitioner, which was included in his accounts that were seized and forfeited to the State of Rhode Island, is includable in petitioner's gross income. Petitioner properly included such income on his 1990 Federal income tax return. Petitioner next contends that, if he must include in gross income the interest forfeited to the State of Rhode Island, he should be entitled to a loss deduction under section 165(a). Section 165(a) allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of an individual, the deduction is limited to losses incurred in the taxpayer's trade or business or in any transaction entered into for profit and certain casualty losses. Sec. 165(c). Even if petitioner, arguendo, suffered a loss as a result of the forfeiture of his interest within the meaning of section 165(a), the law is clear that no loss, otherwise properly allowable under section 165, is to be allowed where to do so would violate a clearly defined public policy. , aff'g. ; *282 , affd. per curiam ; , affd. without published opinion . There is a clearly defined public policy in the United States against trafficking in narcotics. Accordingly, where a forfeiture of assets occurs as the result of drug dealing, a deduction under section 165 with respect thereto will not be allowed to the taxpayer. ; Petitioner, therefore, is not entitled to a loss deduction under section 165(a). Respondent's determinations in the notice of deficiency, accordingly, are sustained. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the notice of deficiency, respondent determined that petitioner had unreported income from gambling winnings in the amount of $ 2,500. At trial, petitioner conceded this adjustment.↩